UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOYLE MARTEN,

        Petitioner,                       Case Number: 2:08-CV-12178

v.                                              HON. PAUL D. BORMAN

RAYMOND BOOKER,

        Respondent.
        _____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Doyle Marten, a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree criminal sexual conduct. Respondent argues that the petition was not timely filed and, therefore, should be denied.

**I.**

Petitioner was charged in Branch County Circuit Court with two counts of first-degree criminal sexual conduct, sexual penetration of a person younger than 13 years of age. Pursuant to a plea agreement, Petitioner pleaded no contest to one count in exchange for the dismissal of the other count. On March 9, 2001, Petitioner was sentenced to life imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Marten*, No. 237255 (Mich. Ct. App. Nov. 16, 2001). Petitioner filed an application for leave to appeal to the Michigan Supreme

Court, which was also denied. *People v. Marten*, 467 Mich. 923 (Mich. Dec. 26, 2002).

On December 10, 2003, Petitioner filed a motion for new trial or for a hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), in the trial court. The trial court denied the motion. *People v. Marten*, No. 00-127180-FC (Branch County Circuit Court May 10, 2004).

Petitioner filed a motion for relief from judgment on January 14, 2005. The trial court denied the motion. *People v. Marten,* No. 00-127180 (Branch County Circuit Court Jan. 14, 2005). He filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal. *People v. Marten,* No. 270124 (Mich. Ct. App. Nov. 9, 2006). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which was denied on September 10, 2007. *People v. Marten*, 480 Mich. 853 (2007).

On May 13, 2008, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed an answer, arguing that the petition is untimely.

## II.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction tolls the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on December 27, 2002, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on March 26, 2003. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on March 27, 2003. Petitioner filed a motion for new trial in the trial court on December 10, 2003. That motion tolled the limitations period after 259 days had elapsed.[1]

The trial court denied Petitioner's motion on May 10, 2004. Petitioner had until May 10, 2005, to seek leave to appeal the post-conviction motion with the Michigan Court of Appeals. Mich. Ct. R. 7.205. The limitations period, thus, continued to be tolled during that time period. *Palmer v. Lavigne*, 43 F. App'x 827, 829 (6th Cir. 2002). Although Petitioner did not seek leave to appeal the denial of the motion for a new trial, he filed a motion for relief from judgment on January 14, 2005, which further tolled the limitations period. The trial court denied Petitioner's motion for relief from judgment. Petitioner appealed the denial to the Michigan Court of

---

[1] Respondent argues that this motion was not timely filed and, therefore, did not toll the limitations period. Respondent fails to file a copy of the court order explaining the basis for the trial court's denial of the motion. Because the petition is untimely even if this motion was properly filed, the Court assumes, without deciding, that the filing of the motion for new trial or *Ginther* hearing tolled the limitations period.

3

Appeals and Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on September 10, 2007. *People v. Marten*, 480 Mich. 853 (2007). The limitations period resumed running on September 11, 2007. The limitations period, of which only 106 days remained, continued to run, uninterrupted, until it expired on December 26, 2007. The pending habeas petition was filed on May 13, 2008, approximately five months after the limitations period expired.

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 12, 2009.

s/Denise Goodine
Case Manager